IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:                                                          Case No.:  6:13-bk-05841-ABB
    Roy Pettis, III
    Cynthia Jane Pettis                              Chapter 13

    Debtors
_____/

## AGREED ORDER ON VERIFIED MOTION TO VALUE COLLATERAL OF PHH MORTGAGE CORPORATION

THIS CASE came on for a hearing on January 29, 2014, upon the Debtors' Verified Motion to Value Collateral of PHH Mortgage Corporation (Claim No. 6) (Doc. No. 33) and Creditor's Response to Motion to Value/Determine Secured Status filed by PHH Mortgage Corporation Regarding Real Property (Doc. No. 41), and the parties having agreed on the matters and the Court being fully advised on the premises, it is:

ORDERED that the Debtors' Verified Motion to Value Collateral of PHH Mortgage Corporation and the same is hereby GRANTED. It is further:

ORDERED that the Collateral, being more particularly described as:

14447 S. Bay Lake
Groveland, FL 34736

LEGAL DESCRIPTION

THAT PART OF NE ¼ OF NW ¼ OF SE ¼ LYING W'LY OF C-565
ORB 2504 PG 157

Parcel ID 21-22-24-000400000700

bought from PHH Mortgage Corporation is determined to have a value of $130,500.00 pursuant to 11 U.S.C. §506 of the Bankruptcy Code. It is further:

The Parties agree and it is ORDERED that the mortgage between PHH Mortgage Corporation and the Debtors, Roy Pettis, III, and Cynthia Jane Pettis, shall be modified to a

principal balance of $130,500.00 @ 5.25% for a term of 30 years beginning April 1, 2014 with a maturity date of March 1, 2044. The first five (5) years shall be paid through the Chapter 13 Plan. The payment amount will be $720.63 per month with taxes and insurance to be paid by the Debtors. The Debtor must maintain insurance and pay all ad valorem property taxes due on the property. Creditor must be named as the loss payee on the policy. Debtor shall provide proof of insurance and payment of ad valorem property taxes to Creditor within fifteen (15) days of a request by Creditor.  In the event that the Debtor fails to maintain adequate insurance on the Property or fails to provide proof of same to Creditor within fifteen (15) days of a request by Creditor, it shall constitute a default under the terms of this Order and constitute grounds for Creditor to file a Motion for Relief From Stay due to a lack of adequate protection. Other than the terms identified above, all other terms and conditions of the previous note and mortgage, recorded in the Lake County, Florida public records at OR Book 3513 Page 862-880, on September 24, 2007, shall remain in full force. Nothing in the Parties' agreement or this Order shall be deemed to work a Novation. It is further:

ORDERED that the $130,500.00 secured Claim shall be considered long term debt within the meaning of §1322(b)(5) and shall be deemed non-dischargeable pursuant to §1328(a)(1) of the Bankruptcy Code; However, upon payment in full of the secured claim as described above, the loan will be deemed satisfied pursuant to the terms of this Order. Upon entry of a Chapter 13 Discharge, Creditor will retain a lien in the amount of $130,500.00 and in the event of a default in payments, Creditor is entitled to foreclose its lien on the Property. The lien will be deemed satisfied upon payment in full of the secured Claim of $130,500.00, including interest. It is further:

ORDERED that this Order becomes permanent and binds both parties only upon the Debtors receiving a Chapter 13 Discharge and the Order shall be recorded in the public records of Lake County only upon entry of a Chapter 13 Discharge.

ORDERED that in the event that this case is converted under any other Chapter, dismissed, or closed without discharge, then Creditor's Claim shall no longer be considered bifurcated under the terms of this Order and Creditor's lien shall be restored in full force and effect on the real property. It is further:

ORDERED that the remaining balance of $5,230.27 shall be an allowed unsecured claim for the purposes of distribution through the Debtors' Chapter 13 Plan.

DONE and ORDERED in Orlando, Florida   March 27, 2014.

_____
Arthur B. Briskman
United States Bankruptcy Judge

PHH Mortgage Corporation and the Debtors, Roy Pettis, III and Cynthia Jane Pettis, by and through their undersigned counsel consent to the entry of this Agreed Order.

| /s/ Matt Holtsinger | /s/ Joel L. Gross |
|---|---|
| Matt Holtsinger | Joel L. Gross, Esq. |
| Florida Bar No. 092774 | Florida Bar No. 419796 |
| Kass Shuler, P.A. | Law Office of Joel Gross, PA |
| P.O. Box 800 | 655 W. Highway 50, Suite 101 |
| Tampa, FL 33601 | Clermont, FL 34711 |
| Tel: (813) 229-0900 Ext. 1465 | Tel: (352) 536-6288 |
| Fax: (813) 229-3323 | Fax: (352) 536-2452 |
| mholtsinger@kasslaw.com | jlgpa@cfl.rr.com |
| Attorney for PHH Mortgage | Attorney for Debtors |

Attorney Joel Gross is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of the order.